# UNITED STATES
## *v.*
# JOSÉ FALCASTRO.

Ponce, Criminal, No. 91.

1. An indictment under § 2865, U. S. Rev. Stat. (U. S. Comp. Stat. 1901, p. 1905), which sufficiently describes the offense in the words of the statute, is not bad on demurrer, because it goes further and states unnecessary things, because the same can be treated as surplusage.

United States v. Falcastro.

2. An indictment for smuggling or clandestinely introducing into the United States, goods, wares, and merchandise, is not bad on demurrer because it alleges that the name of the vessel or vessels in which the goods were brought to the country, and the name of the country or countries from which the same were imported is to the grand jurors unknown.

Opinion filed January 17, 1910.

*Mr. J. R. F. Savage,* United States District Attorney, for the government.

*Mr. Jaime Seix,* for the defendant.

RODEY, Judge, filed the following opinion:

The defendant demurs to the indictment which is returned under § 2865 of the Revised Statutes of the United States (U. S. Comp. Stat. 1901, p. 1905), on the ground that the words describing the crime do not sufficiently identify the same, or give the defendant sufficient notice to enable him to prepare his defense, or to avail him against a second prosecution on the same charge.

The statute in question reads as follows: "Section 2865. If any person shall knowingly and wilfully, with intent to defraud the revenue of the United States, smuggle, or clandestinely introduce, into the United States, any goods, wares, or merchandise, subject to duty by law, and which should have been invoiced, without paying or accounting for the duty, or shall make out or pass, or attempt to pass, through the custom house any false, forged, or fraudulent invoice, every such person, his, her,

United States v. Falcastro.

or their aiders and abettors shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined in any sum not exceeding five thousand dollars, or imprisoned for any term of time not exceeding two years, or both, at the discretion of the court."

The indictment, leaving out the formal parts, charges that the defendant "did then and there wilfully, knowingly, fraudulently and unlawfully, and with the intent then and there to defraud the United States revenues, import, bring, smuggle, and clandestinely introduce into the United States, to wit: into the district of Porto Rico of the United States, and within the jurisdiction of this court, from a foreign country, said foreign country being to the grand jurors unknown, 16 bottles of Holland gin, which said 16 bottles of Holland gin were then and there marked 'Henkes' and which said 16 bottles of Holland gin should then and there have been invoiced, and which said 16 bottles of Holland gin were then and there subject to a duty by law, to wit: a duty of $2.25 per gallon and upon which said 16 bottles of Holland gin no duty was then and there paid or accounted for, according to law, and none of which said 16 bottles of Holland gin were then and there invoiced, and that the said 16 bottles of Holland gin, and the whole thereof, were by the said José Falcastro thereby then and there unlawfully, wilfully, knowingly, and fraudulently brought, imported, smuggled, and clandestinely introduced into the United States, and into the district of Porto Rico at the port of Ponce, Porto Rico, from a vessel or vessels to the grand jurors unknown, the said vessel or vessels as aforesaid, proceeding from a foreign country or countries to the grand jurors unknown, contrary to

the form of the statute in such case made and provided, and against the peace and dignity of the United States."

It can thus be seen that this indictment closely follows the statute under which it is returned, but is in fact more ample than the words of the act charged to have been violated, and in addition describes the bottles of gin alleged to have been smuggled or clandestinely introduced as being marked "Henkes," and so the only lack of information which the defendant might be able to complain of is the fact that the name of the vessel or vessels in which the goods were brought is not given, and that the country or countries from which the same were imported is alleged to be to the grand jurors unknown.

After a rather hasty examination of the scanty authorities before us we are of opinion that the indictment would have been good if it had set out nothing about the vessel or vessels from which the goods were taken, or the country or countries from which they were brought, the gist of the crime being to knowingly and wilfully, with intent to defraud the revenues of the United States, smuggle or clandestinely introduce into the United States any goods, etc. Under § 270 of Joyce on Indictments it is stated that facts which are not vital to the accusation, but that may be to a certain extent descriptive of the offense, may be stated in an indictment as unknown to the grand jury, where such is the case. That section further states that, in a recent case in Florida, it was said that it is well settled in criminal pleading that the omission to state some matters of description, not essential constituents of an offense but which are required to be stated if known, may be excused by an allegation that they are unknown to the indicting grand jury.

This statement of the text is supported by citations from Florida, Alabama, California, Indiana, Massachusetts, Michigan, Minnesota, Montana, New York, and South Carolina.

We also feel that the reasoning of Mr. Justice White, of the Supreme Court of the United States, in Keck v. United States, 172 U. S. 439, 43 L. ed. 507, 19 Sup. Ct. Rep. 254, when passing upon an indictment under this same section of the Revised Statutes of the United States, supports the view of the matter we are here expressing.

This latter case is one that was exhaustively considered, and the court indulges therein in a learned review of the history of the section of law in question. We are therefore of opinion that the demurrer should be overruled, and an order to that effect will be entered.